UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Simone, | Case No.: 2:18-cv-01365-JAD-VCF |
| Plaintiff | **Order Granting Defendant's Motion for Summary Judgment and Motion to Strike Plaintiff's Untimely Motion for Partial Summary Judgment** |
| v. | |
| Walmart Inc., d/b/a Walmart, | [ECF Nos. 25, 28, 30] |
| Defendant | |
| AND ALL OTHER CLAIMS | |

Plaintiff Barbara Simone sues for injuries she claims she sustained from a cart-flipping incident at one of defendant Walmart Inc.'s stores.[1] Walmart moves for summary judgment on each of Simone's negligence-based claims, arguing that she can't establish that it breached its duty to her because she can't show that Walmart knew that the right-front wheel on the cart she was using detached while she was using it.[2] Simone responds and countermoves for partial summary judgment on the issue of Walmart's liability, arguing that it didn't produce any evidence that it inspected or maintained the cart.[3] But she filed her countermotion late, so Walmart now asks that I strike it. Because Simone has not presented evidence to demonstrate a genuine issue of fact as to whether Walmart breached any duty owed to her as required to support her three negligence-based claims, I grant summary judgment to Walmart. I also grant its motion to strike Simone's untimely countermotion for partial summary judgment.

---

[1] ECF No. 25-2 (complaint).

[2] ECF No. 25 (motion for summary judgment).

[3] ECF Nos. 27 (response), 28 (countermotion for partial summary judgment).

**Introduction**

Plaintiff Barbara Simone claims that the shopping cart she was using at a Walmart store flipped onto her in April 2016.[4] Simone testified that she picked up the cart from the parking lot and "it was fine."[5] She shopped for about "a half hour" without noticing a wheel fall off or any issue with the cart balancing or working properly.[6] Simone maintains that the cart had all four wheels when she grabbed it from the cart rack and that the faulty wheel "was on till [sic] [she] moved [the cart] to the side for the gentleman to go in front of [her]," which caused the cart to flip and fall on her.[7] However, surveillance images show that Simone pushed the cart for at least 14 minutes with the right-front wheel missing.[8]

Simone's state-court complaint alleges causes of action for: (1) negligence; (2) negligent hiring, training, and supervision; and (3) negligent infliction of emotional distress.[9] Walmart removed the case after learning that Simone claimed damages in excess of $75,000.[10] After the parties conducted their discovery conference and submitted their proposed joint discovery plan and scheduling order, Magistrate Judge Ferenbach set the discovery deadline for January 1, 2019, and the dispositive-motion deadline for February 20, 2019.[11] The parties agreed to extend

---

[4] ECF No. 25-2.
[5] ECF No. 25-7 at 4.
[6] *Id.* at 6.
[7] ECF No. 25-7 at 9–10.
[8] ECF No. 25 at 11–12.
[9] *Id.*
[10] ECF No. 1 (petition for removal). In her Petition for Exemption from Arbitration, Simone itemized $50,976.23 in past medical expenses and claimed that her future medical expense for a spine surgery would be $190,170.00. *Id.* at 1–2.
[11] ECF Nos. 6 (proposed joint discovery plan and scheduling order), 8 (scheduling order).

the discovery deadline three times, the last of which was set for April 22 with a final dispositive-motion deadline of July 1.[12]

Walmart filed this motion for summary judgment on July 1.[13] Simone filed her response and countermotion for partial summary judgment on July 22.[14] As a result, Walmart now also moves to strike Simone's 21-days-late countermotion as untimely.[15]

## Discussion

**A.     Simone's countermotion for partial summary judgment is disregarded as untimely.**

The filing of a summary-judgment motion must comply with the federal and local rules. Federal Rule of Civil Procedure 56(b) provides that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."[16] Local Rule 26-1(b)(4) similarly states that, "[u]nless the discovery plan otherwise provides and the court so orders, the deadline for filing dispositive motions is 30 days after the discovery cut-off date. The plan must state the calendar date on which dispositive motions are due[.]"[17]

Magistrate Judge Ferenbach set the final dispositive-motion deadline for July 1, 2019,[18] but Simone did not file her countermotion for partial summary judgment on the issue of

---

[12] ECF Nos. 16 (order granting stipulation for extension of time), 19 (stipulation), 20 (order on dispositive-motion deadline).

[13] ECF No. 25 (motion for summary judgment).

[14] ECF Nos. 27 (response), 28 (countermotion for partial summary judgment).

[15] ECF No. 30 (motion to strike).

[16] Fed. R. Civ. P. 56(b).

[17] LR 26-1(b)(4).

[18] ECF No. 20. The dispositive-motion deadline had already been moved three times because of extensions of discovery deadlines. ECF Nos. 8, 13, 16. Thus, July 1, 2019, was the final dispositive-motion deadline set by Magistrate Judge Ferenbach. ECF No. 20.

Walmart's liability until July 22, 2019.[19] Based on the 21-day delay, Walmart subsequently moves to strike Simone's countermotion as untimely.[20] Because Simone's countermotion for partial summary judgment constitutes a dispositive motion and she filed it three weeks after the dispositive-motion deadline had passed, I grant Walmart's motion to strike and I disregard Simone's motion.[21]

**B.    Simone's negligence-based claims fail because she cannot show that Walmart knew that the wheel detached from the cart during her shopping trip.**

### 1.    Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[22] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party.[23] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[24]

---

[19] ECF No. 28.

[20] ECF No. 30.

[21] Even if Simone had filed her partial motion for summary judgment before the dispositive-motion deadline, I would still deny it because the dispositive issue is not whether or not Walmart adhered to its policy of providing "safe and 100% operational shopping carts," *see* ECF No. 28 at 11, but whether Walmart or anyone, including Simone, knew that the cart was deficient when she took control of it. Because Simone insists that the cart was operational when she retrieved it and during her trip, she cannot show that Walmart breached a duty owed to her.

[22] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[23] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[24] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[25] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; she "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact-finder could find in his favor.[26]

### 2. Negligence

Walmart argues that it is entitled to summary judgment because Simone has no evidence to support an essential element of her negligence claim: breach of duty.[27] It adds that Simone can't show that Walmart caused the wheel to come off or that it had actual knowledge that the wheel had detached.[28] Walmart also argues that Simone can't impute constructive knowledge of the missing wheel to it because she testified that the wheel was on the cart when she started using it and it came off the cart while it was in her control.[29] In other words, because the cart "was fine" when Simone picked it up and she kept the cart during her 30-minute trip, there was no opportunity for Walmart to identify and fix (or remove) the cart.[30]

The essence of Simone's response is that this court should impute constructive notice to Walmart "for its admission that damaged wheels on shopping carts presented a potentially unsafe condition and for its failure to produce any evidence that it either inspected [or maintained] the

---

[25] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[26] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[27] ECF No. 25 at 6–7.

[28] *Id.* at 7.

[29] *Id.* at 8–12.

[30] *Id.* at 12.

subject shopping cart."[31] She theorizes that Walmart's policy, which states that its customers have a right to expect "safe and 100% operational shopping carts," coupled with its failure to inspect or maintain the shopping carts, is evidence of direct negligence.[32] Thus, she argues, it doesn't matter whether the wheel detached during the 30 minutes she used the cart; the real issue is that Walmart never inspected the cart.[33] At the very least, Simone argues, a jury should determine whether the missing wheel constituted a hazardous condition.[34] Walmart responds that whether it adhered to its policy or whether an employee inspected the cart before Simone used it is irrelevant given that she testified the cart had all four wheels when she took possession of it.[35]

Summary judgment on a negligence claim is appropriate when a party "negate[s] at least one of the elements of negligence."[36] The elements are: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[37] The Nevada Supreme Court explained in *Sprague v. Lucky Stores, Inc.* that "[t]he owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies."[38] "An accident occurring on the premises does not of itself establish negligence. Yet, a business owes its patrons a duty to keep the premises in a reasonably safe condition for use."[39]

---

[31] ECF No. 27 at 10.
[32] *Id.* at 10–11.
[33] *Id.* at 13–14.
[34] *Id.* at 11.
[35] ECF No. 29 at 1–2.
[36] *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012).
[37] *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).
[38] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).
[39] *Id.*

Even if Simone were correct that Walmart had a duty to inspect every cart before use, her testimony that the shopping cart she chose had all four wheels when she took control of it, couples with the total absence of other notice, is fatal to her claim.[40] Also fatal is her testimony that the shopping cart balanced properly and she did not notice that a wheel was missing,[41] all of this despite surveillance footage that shows her pushing the cart for 14 minutes with only three wheels.[42] There is no evidence that anyone, including Simone, had notice that the wheel on the cart detached. There is also no evidence of a breach by Walmart of any duty it owed her; Simone did not depose any Walmart employee or present other evidence to overcome summary judgment. So I grant Walmart summary judgment on Simone's negligence claim.

### 3. Negligent hiring, training, and supervision

Simone also alleges claims for negligent hiring, training, and supervision. With regards to the tort of negligent hiring, an employer has a duty "to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position."[43] "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities."[44] "[T]he employer [also] has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions."[45] Walmart argues that these claims also fail because Simone can't show that that its employees had actual or constructive notice of the

---

[40] ECF No. 25-7 at 4.

[41] *Id*. at 6.

[42] ECF No. 25 at 11–12.

[43] *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (internal quotation omitted).

[44] *Id*. (internal quotation omitted).

[45] *Id*. at 99.

defective cart so as to have breached a duty to Simone.[46] In response, Simone seems to rely on her general argument that Walmart has a best practice of inspecting carts and did not provide evidence that it inspected this one.[47] As above, not only does Simone fail to address Walmart's argument, she also fails to provide any evidence to create a genuine issue of material fact. Because there is no evidence that a Walmart employee caused the wheel to come off or had any opportunity to identify or remedy the missing wheel, I grant Walmart summary judgment on this claim, too.

### 4. Negligent infliction of emotional distress

Generally, a claim for negligent infliction of emotional distress (NIED) can be asserted by a close relative of an injured party who perceived the "death or serious injury of a loved one due to the negligence of the defendant" who suffers "serious emotional distress which results in physical symptoms."[48] However, also Nevada recognizes an NIED claim for direct victims as "an element of the damage sustained by the negligent acts committed directly against the victim-plaintiff."[49]

Walmart argues that this claim, too, must fail as a matter of law because Simone has not presented any evidence of a life-threatening injury or emotional distress.[50] It relies on Simone's urgent-care visit records, which show that she "complain[ed] of right knee and ankle pain and

---

[46] ECF No. 25 at 12.

[47] ECF No. 27 at 14.

[48] *State v. Eaton*, 710 P.2d 1370, 1379 (Nev. 1985) *overruled on other grounds by State ex rel. Dep't of Transp. v. Hill*, 963 P.2d 480 (Nev. 1998).

[49] *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 ( Nev. 1995); *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993).

[50] ECF No. 25 at 12–13.

neck pain and low back pain . . . ."[51]  The records also show that her provider treated her pain symptoms with prescribed medication and advised her to hydrate, ice for 48 hours, and follow up with her primary care physician "should her symptoms worsen."[52]  A claim form submitted by a Walmart employee about the incident shows that no ambulance was called, no "MD or hospital" was involved, and that Simone continued to shop.[53]  Simone vaguely references two exhibits to support her physical-injury argument: her declaration, which includes the statement that, because of a pre-existing lung condition, she is "concerned that [a recommended cervical fusion] surgery is too dangerous and [she] may have to live with this pain for the rest of [her] life"; and her counsel's affidavit that states that Simone "suffer[ed] serious injuries."[54]  None of Simone's exhibits create a genuine issue of material fact about the seriousness of her injuries.  Even if they did, Simone's NIED claim fails for another reason: she has not shown there is a genuine issue of material fact that Walmart breached a duty owed to her as required in a negligence claim.  So I grant Walmart summary judgment on Simone's NIED claim.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the defendant's motion for summary judgment **[ECF No. 25] is GRANTED**.

---

[51] ECF No. 25-8.

[52] *Id*. at 4.

[53] ECF No. 25-4.

[54] ECF Nos. 27-1 at 2–3 (Simone's declaration), 27-5 at 3 (Simone's counsel's declaration).

9

It is FURTHER ORDERED that the defendant's motion to strike **[ECF No. 30] is GRANTED**. The Court disregards Simone's countermotion **[ECF No. 28]** as untimely and denies it on that basis.

Dated: December 13, 2019

_____
U.S. District Judge Jennifer A. Dorsey